**FILED - GR**
March 31, 2011 10:50 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __ald__ / _____ SCANNED BY: ⟨u⟩/3/31

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIPE CERVANTES,

      Plaintiff,

v.

ALW SOURCING, LLC,

      Defendant.

_____/

**1:11-cv-327
Gordon J Quist
U.S. District Judge**

## Complaint

### I.    Introduction

1.    This is an action for damages, brought by a consumer against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq*.

### II.    Jurisdiction

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

### III.    Parties

3.    Plaintiff Felipe Cervantes is an unmarried, adult, natural person residing in Kent County, Michigan. Mr. Cervantes is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mr. Cervantes is a "consumer," "debtor" and "person" as the terms are

1

defined and used in the MOC.

    4.      Defendant ALW Sourcing, LLC ("ALW") is a Maryland limited liability company. The registered agent for ALW in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. ALW uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. ALW regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. ALW is a "debt collector" as the term is defined and/or used in the FDCPA. ALW is licensed (No. 2401002161) by the State of Michigan to collect consumer debts in Michigan. ALW is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

**IV.**    **Facts**

    5.      Mr. Cervantes had a credit account with CapitalOne Bank ("Capone") which he used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

    6.      The account has been in default for many, many years and the alleged debt can no longer be judicially enforced because of the applicable statute of limitation. Stated differently, the debt is time-barred.

    7.      The original creditor or a successor in interest hired ALW to collect the alleged debt from Mr. Cervantes.

    8.      Alternatively, ALW or an affiliated entity purchased the alleged debt after the account allegedly was in default.

9.    Mr. Cervantes disputes the alleged debt.

10.    Mr. Cervantes refuses to pay the alleged debt.

11.    Mr. Cervantes resides with an adult, natural person named Lori Smith.

12.    In 2011, ALW placed a telephone call to a telephone used jointly by Mr.

Cervantes and Miss Smith and left the following pre-recorded and/or computer generated

message on voice mail used jointly by Mr. Cervantes and Miss Smith: "Hello. This is an

important message from ALW Sourcing, LLC, a debt collection company. This is an attempt to

collect a debt and any information obtained will be used for that purpose. Please return the call

to Ron Jackson at 888-379-4884. Again, that's Ron Jackson at 888-379-4884. Thank you.

ALW Sourcing, LLC is a debt collection company. This an attempt to collect a debt and any

information obtained will be used for that purpose. When calling, please refer to your ID code,

QD4315. Thank you. Good bye."

13.    Miss Smith heard the above-quoted message left by ALW on the voice mail used

jointly by Mr. Cervantes and Miss Smith.

14.    On or about March 28, 2011, Miss Smith telephoned ALW. The call was

answered by a male ALW employee named "Mr. Moore" or "Mr. Morris." Miss Smith stated

that ALW had left a message to return the call regarding reference code "QD4315." The ALW

employee stated that ALW was attempting to contact Felipe Cervantes. The ALW employee

asked Miss Smith to deliver a message to Mr. Cervantes to call ALW and speak with an ALW

agent.

15.    The recorded message left by ALW for Mr. Cervantes was a "communication" as

the term is defined and used in the FDCPA.

3

16.     ALW did not obtain the prior consent of Mr. Cervantes to communicate with Miss Smith in connection with the collection of the alleged debt.

17.     ALW did not obtain the prior consent of Mr. Cervantes to communicate to Miss Smith that ALW was attempting to collect a debt from Mr. Cervantes.

18.     Mr. Cervantes has never given ALW permission to speak with Miss Smith regarding the alleged debt.

19.     A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

20.     The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

21.     A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt. 15 U.S.C. § 1692b(2).

22.     ALW disclosed to Miss Smith that ALW was attempting to collect a debt from Mr. Cervantes, violating the FDCPA and Michigan law.

23.     The FDCPA states that a debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, "only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1).

24.     ALW disclosed the name of its company in the recorded messages left by ALW and heard by Miss Smith without an express request for such information by Miss Smith, violating the FDCPA and Michigan law.

4

25.     Nothing in the law entitled ALW to leave a recorded message for Mr. Cervantes on a telephone voice mail.

26.     Nothing in the law entitled ALW to leave a recorded message for Mr. Cervantes on a telephone voice mail when the message might be heard by someone other than Mr. Cervantes.

27.     ALW could have used other methods to communicate with Mr. Cervantes.

28.     ALW could have chosen to communicate with Mr. Cervantes by postal mail.

29.     ALW could have chosen to communicate with Mr. Cervantes by speaking directly with Mr. Cervantes by telephone.

30.     ALW could have chosen not to leave a recorded message for Mr. Cervantes on a telephone voice mail.

31.     ALW could have chosen to have a live person make the telephone call to Mr. Cervantes and then use discretion regarding whether to leave a recorded message. Instead, and to save money, ALW chose to use an auto-dialer to place the telephone call and leave a pre-recorded and/or computer generated message, without regard for the privacy of Mr. Cervantes and without regard for the requirements of the FDCPA.

32.     ALW violated 15 U.S.C. § 1692c(b) by leaving a recorded message on a voice mail, which communicated to Miss Smith that ALW was attempting to collect an alleged debt from Mr. Cervantes. *Berg v. Merchants Association Collection Division, Inc.,* 586 F.Supp. 1336 (S.D. Fla. 2008).

33.     ALW is a member of ACA International ("ACA").

34.     ACA is a trade group for debt collectors. According to the ACA website

5

(www.acainternational.org), ALW has been a member of ACA since 2008.

35.     Over the past two or more years, ACA sent multiple writings to its members,
warning about the risks associated with violating the FDCPA by leaving a message on an
answering machine or voice mail, resulting in an unlawful disclosure to a third party that a
consumer allegedly owes a debt.

36.     ALW knowingly assumed the risk of violating the FDCPA by leaving a message
on a voice mail, stating that ALW was calling to collect a debt, and knowing that the message
might be heard by someone other than Mr. Cervantes.

37.     ALW failed to maintain procedures reasonably adapted to avoid disclosing to a
third party that a consumer owes a debt. Instead, ALW left a recorded message for the consumer
on voice mail, knowing it was possible that the message might be heard by someone other than
the consumer.

38.     ALW failed to maintain procedures reasonably adapted to avoid disclosing to a
third party that Mr. Cervantes owes a debt. Instead, ALW left a recorded message for Mr.
Cervantes on voice mail, knowing that it was possible that the message might be heard by
someone other than Mr. Cervantes.

39.     ALW scripted and intended to speak the words that were spoke by ALW when
leaving the above-described message on voice mail for Mr. Cervantes in connection with efforts
to collect a debt from Mr. Cervantes.

40.     The ALW employee unlawfully instructed Miss Smith to deliver a message to Mr.
Cervantes.

41.     The ALW employee communicated with Miss Smith for a purpose other than

to acquire location information regarding Mr. Cervantes. Specifically, ALW and its employee wrongfully turned Miss Smith into a *de facto* debt collector for ALW by causing Miss Smith to deliver a message to Mr. Cervantes in an effort to collect a debt, and violated 15 U.S.C. § 1692b and 15 U.S.C. § 1692c(b).

42.     The ALW employee failed to state to Miss Smith that the purpose of the communication with her was to acquire, confirm and/or correct location information about Mr. Cervantes.

43.     The ALW employee intended to speak the word he spoke to Miss Smith.

44.     The acts and omissions of ALW and its employees done in connection with efforts to collect a debt from Mr. Cervantes were done intentionally and wilfully.

45.     ALW and its employees intentionally and wilfully violated the FDCPA and MOC.

46.     As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

47.     Plaintiff incorporates the foregoing paragraphs by reference.

48.     Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)     Defendant violated 15 U.S.C. § 1692b;

b)     Defendant violated 15 U.S.C. § 1692c;

7

c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

e) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

49. Plaintiff incorporates the foregoing paragraphs by reference.

50. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;

b) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure

8

designed to prevent a violation by an employee; and

d)   Defendant violated M.C.L. § 339.919. .

**Wherefore,** plaintiff seeks judgment against defendant for:

a)   Actual damages pursuant to M.C.L. § 339.916(2);

b)   Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)   Statutory damages pursuant to M.C.L. § 339.916(2);

d)   Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2); and

e)   Equitable relief pursuant to M.C.L. § 339.916(1).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: March 31, 2011

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com